### JOHN UPSHAW *v.* LEVI JACKSON.

**Vendor's Lien—Descent to Heirs.**
　　Where notes given for the purchase of real estate expressly reserve a lien on the land, such land may be subjected to the payment thereof, even when it has descended to vendee's heirs.

#### APPEAL FROM FULTON CIRCUIT COURT.

October 10, 1874.

OPINION BY JUDGE PETERS:

It is not perceived by the court that the judgment is for more than the principal and interest due on the two notes sued on after deducting all proper credits.

In the deed made by appellee to appellant and Hugh S. Upshaw for the land, for which the notes were executed, on which this suit was brought, a lien for their payment is expressly reserved, and the judgment is to subject the land therein conveyed to the payment of the debt. It is true that by the terms of the judgment appellee is authorized to sue out an execution on his judgment before selling the land, and if he can thereby make his debt, the land will not be sold. It appears from the evidence that estate sufficient to pay the debt descended from the father of appellant, who was the original debtor to satisfy this and any other debts remaining unpaid.

Perceiving no error in the judgment prejudicial to appellant, the same is *affirmed*.

*T. O. Goalder, Major & Jett, for appellant.*
*A. J. James, for appellee.*